IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 7:22-CV-148

| | |
|---|---|
| SUZANNE FOX POPPER, as Executrix of the ESTATE OF JANICE FOX, <br><br> Plaintiff, <br><br> v. <br><br> THE HARTFORD FINANCIAL SERVICES GROUP, INC. and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Defendants. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

NOW COMES Plaintiff, Suzanne Fox Popper, in her capacity as the Executrix of the Estate of Janice Fox, deceased, by and through counsel, and files this Complaint seeking judgment against Defendants, The Hartford Financial Services Group, Inc. and Hartford Life and Accident Insurance Company, (at times collectively referred to as "Defendants") and in support thereof, Plaintiff alleges the following:

## PARTIES AND JURISDICTION

1. Plaintiff Suzanne Fox Popper ("Plaintiff") is a citizen and resident of Wilmington, New Hanover County, North Carolina. Plaintiff is the daughter and a surviving heir at law of the late Janice Fox.

2. Plaintiff is also the duly-appointed Executor of the Estate of Janice Fox. A true and accurate copy of the Letters of Testamentary appointing Plaintiff as the Executrix of the Estate of Janice Fox is attached as Exhibit 1.

1

3. Prior to April 5, 2022, and at all relevant times, Janice Fox was a citizen and resident of Wilmington, New Hanover County, North Carolina.

4. Defendant The Hartford Financial Services Group, Inc. ("The Hartford") is a Delaware corporation with its principal place of business in Hartford, Connecticut.

5. Upon information and belief, The Hartford does business throughout the United States, including the State of North Carolina, and is duly licensed to do business in the State of North Carolina.

6. The Hartford's registered agent for service of legal process is The Corporation Trust Company, which can be served with legal process at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendant Hartford Life and Accident Insurance Company ("Hartford Life") is an insurance underwriting company and operating subsidiary of The Hartford, organized under the laws of the state of Connecticut, with its principal place of business in Hartford, Connecticut.

8. Upon information and belief, Hartford Life does business throughout the United States, including in the State of North Carolina, and is duly licensed to do business in the State of North Carolina.

9. Hartford Life's registered agent for service of legal process is CT Corporation System, which can be served with legal process at 67 Burnside Avenue, East Hartford, Connecticut 06108-3408.

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because a dispute exists between citizens of different States, and the matters in controversy exceed $75,000.00, exclusive of interest and costs.

11. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District, and Defendants had and maintain continuous and systematic contacts in this District.

**FACTUAL ALLEGATIONS & BACKGROUND**

12. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

13. In 2016 or earlier, Defendants sold Janice Fox an insurance product called "The AAA Classic Care Accident Insurance Rewards Plan," ("Hartford ADD Policy") which was underwritten by Hartford Life.

14. The Hartford ADD Policy was promoted by Defendants to Janice Fox through her AAA Carolinas membership. The Policy Number was ADD-11383, the effective date was October 1, 2016, and the policy was in effect at the time of Janice Fox's death on April 5, 2022.

15. At all relevant times, the controlling terms and conditions were contained within The Hartford ADD Policy and the associated Certificate of Insurance which were issued to Janice Fox, who promptly and timely paid all policy premiums until her death.

16. The Hartford ADD Policy was timely renewed by Janice Fox each applicable policy period and was in full force and effect on April 5, 2022. The most recent coverage period under The Hartford ADD Policy was February 26, 2022 through August 26, 2022.

17. Janice Fox was an Insured under the terms of The Hartford ADD Policy as of April 5, 2022.

18. At all relevant times, including on April 5, 2022, The Hartford ADD Policy included an Accidental Death Benefit, the amount of which was determined pursuant to the Schedule of Insurance – Benefits included within The Hartford ADD Policy.

19. As of April 5, 2022, the Accidental Death Benefit on The Hartford ADD Policy for Janice Fox was $40,000.00.

20. On April 5, 2022, Janice Fox was walking from the New Hanover Regional Medical Center to her car which was parked in the hospital parking lot. As Mrs. Fox was walking in the vehicle travel portion of this paved, public, parking lot for the New Hanover Regional Medical Center, located in New Hanover County, North Carolina, she was struck from behind by a vehicle travelling in the parking lot and was pronounced dead at the scene.

21. At the time of the April 5, 2022 vehicle accident, Janice Fox was walking in an area of the parking lot that was open to the public and designed and intended for vehicular traffic.

22. The police report prepared following Janice Fox's death accurately identified the "Motorist" at fault for the April 5, 2022 accident and accurately identifies Janice Fox as a "Pedestrian." A true and accurate copy of the police report is attached hereto as Exhibit 2.

23. Janice Fox's death certificate correctly identified the April 5, 2022 motor vehicle / pedestrian accident as the cause of her accidental death. A true and accurate copy of Janice Fox's death certificate is attached hereto as Exhibit 3.

24. At all relevant times, including on April 5, 2022, The Hartford ADD Policy guaranteed that if Janice Fox sustained an Injury in a Covered Accident and such Injury resulted in Loss of life within 90 days of the date of the Covered Accident, Defendant Hartford Life and Accident Insurance Company would pay an Accidental Death Benefit in accordance with The Policy. Here, the death benefit was $40,000.00. A true and accurate copy of The Hartford ADD Policy is attached hereto as Exhibit 4.

25. The Hartford ADD Policy definition of "Covered Accident" includes Type C: Motor Vehicle / Pedestrian Accident, which "must occur while You or Your Dependents are a Pedestrian or the licensed operator of or passenger On a Motor Vehicle."

26. The Hartford ADD Policy defines "You" as "the person to whom this certificate is issued," meaning Janice Fox.

27. The Hartford ADD Policy defines "Pedestrian" as "You or Your Dependents while You or they are standing or walking on an open public street or highway."

28. The Hartford ADD Policy does not define "open public street" or "highway."

29. Under North Carolina's General Statutes, the terms "Street" and "Highway" are synonymous, as they are their cognates, and "Highway" is defined as the "entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purposes of vehicular traffic."

30. The area where Janice Fox was walking when she was struck and killed on April 5, 2022, clearly meets the North Carolina statutory definition of Highway or Street, as the paved travel portion of the parking area was open to the use of the public vehicles as a matter of right for the purposes of vehicular traffic.

31. The area where Janice Fox was walking when she was struck and killed on April 5, 2022, clearly meets the statutory definition of a Public Vehicular Area under North Carolina's General Statutes, a term which specifically includes both streets and parking lots, as well as the parking lots of a public or private hospital.

32. Defendants drafted The Hartford ADD Policy. Defendants chose not to define open public street or highway within the Policy terms and chose not to include a definition contrary to North Carolina's General Statutes and law interpreting the same.

5

33. At the time of the April 5, 2022 accident, Janice Fox was a Pedestrian because she was walking on an open public street.

34. At the time of the April 5, 2022 accident, Janice Fox was a Pedestrian because she was walking on a public vehicular area.

35. At the time of the April 5, 2022 accident, Janice Fox was a Pedestrian because she was walking on a highway.

36. The April 5, 2022 accident clearly qualifies as a Covered Accident, Type C, pursuant to the unambiguous terms of The Hartford ADD Policy.

37. On or about May 11, 2022, Plaintiff properly and timely submitted a claim to Defendants for Accidental Death benefits related to the April 5, 2022 accident and resulting death of Janice Fox. Exhibit 5.

38. By letter dated June 29, 2022, Plaintiff was notified of Defendants' determination that "Accidental Death Benefits are not payable." Specifically, Defendants alleged that Janice Fox was not struck while standing on an open public street or highway, and therefore did not meet the Policy definition of a Pedestrian. Exhibit 6.

39. Defendants' June 29, 2022 letter did not provide a definition of open public street or highway, and does not acknowledge the statutory definitions provided above, which clearly establish Plaintiff's entitlement to Accidental Death benefits under The Hartford ADD Policy.

40. To deny Plaintiff's claim, Defendants utilized a hyper-technical interpretation of the term Pedestrian which violated the clear purpose of The Hartford ADD Policy, contradicted North Carolina law, and was contrary to any common sense reading of The Hartford ADD Policy.

41. Plaintiff's entitlement to Accidental Death Benefits under The Hartford ADD Policy is clear and unambiguous.

42. Defendants wrongfully, willfully and in bad faith violated the terms of The Hartford ADD Policy which Defendants themselves drafted, by denying the accidental death claim of Janice Fox's Estate.

43. The Hartford ADD Policy allows a claimant or her representative to appeal to Defendants within 60 days of receipt of a claim denial in cases which do not require a determination of disability.

44. On July 21, 2022, Plaintiff timely submitted a written Appeal of the June 29, 2022 denial of benefits. Plaintiff's Appeal was acknowledged by Defendants on July 27, 2022. Defendants continue to refuse to pay the $40,000.00 death benefit for the death of Janice Fox.

45. As of the date that this Complaint is filed, Defendants have not substantively responded to Plaintiff's written Appeal and have maintained their wrongful denial of death benefits under the Hartford ADD Policy.

## FIRST CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

47. Plaintiff's entitlement to Accidental Death benefits under The Hartford ADD Policy is clear. Defendants wrongfully denied payment of those benefits in plain violation of The Hartford ADD Policy terms and North Carolina law, after accepting premiums timely paid by Janice Fox for years prior to her accidental death.

48. N.C. Gen. Stat. § 75-1.1 makes unlawful "unfair or deceptive acts or practices in or affecting commerce."

49. Defendants' refusals to issue payment of Accidental Death Benefits, in the face amount of $40,000.00, under the circumstances described herein, where entitlement to those

7

benefits is clear, constitutes a violation of N.C. Gen. Stat. § 75-1.1 in that Defendants' actions were against the established public policy of the State of North Carolina, were in or affecting commerce in North Carolina, and were unfair, deceptive, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff.

50. Defendants' conduct as summarized herein also constitutes unfair or deceptive acts or practices in the business of insurance, in violation of N.C. Gen. Stat. § 58-63-15.

51. Defendants have refused to pay this claim without conducting a reasonable investigation based upon all available information, including North Carolina law, in violation of N.C. Gen. Stat. § 58-63-15(11)(d).

52. Defendants have failed to attempt in good faith to effectuate prompt, fair, and equitable settlement of this claim, in which liability has become reasonably clear, in violation of N.C. Gen. Stat. § 58-63-15(11)(f).

53. The unfair claim settlement practices described in the two preceding paragraphs are committed by Defendants with such frequency as to indicate a general business practice affecting commerce.

54. Defendants' violations of N.C. Gen. Stat. § 58-63-15(11) referenced in paragraphs 48 and 49 are inherently unfair, deceptive, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff, thereby constituting *per se* violations of N.C. Gen. Stat. § 75-1.1.

55. As a direct and proximate result of Defendants' violations of N.C. Gen. Stat. §§ 75-1.1 and 58-63-15(11), Plaintiff has suffered damages of at least $40,000.00.

56. In accordance with N.C. Gen. Stat. §§ 75-16 and 75-16.1, Plaintiff is entitled to recover from Defendants compensatory damages, treble damages, and attorney's fees. Therefore, the amount in controversy exceeds $75,000.00.

8

Case 7:22-cv-00148-D-RN Document 1 Filed 08/19/22 Page 8 of 10

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

58. The Hartford ADD Policy was a contract of insurance between Janice Fox and Defendants.

59. Janice Fox died as a result of a Covered Accident under the terms of The Hartford ADD Policy and Defendants breached the contract by wrongfully denying the death benefit claim, failing to respond to a timely appeal of the denial, and failing and refusing to provide Accidental Death Benefits upon notification that Janice Fox had died as the result of injuries sustained in a Covered Accident and after providing Proof of Loss, pursuant to the express terms of The Hartford ADD Policy.

60. Pursuant to the clear terms of The Hartford ADD Policy, Plaintiff is contractually entitled to recover $40,000.00 in Accidental Death Benefits from Defendants.

61. Plaintiff has performed all obligations required under The Hartford ADD Policy to claim accidental death benefits.

62. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages of at least $40,000.00, not including attorney fees, interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief from and judgment against Defendants as follows:

1. On the First Claim for Relief, compensatory damages in an amount to be determined at trial, treble damages under N.C. Gen. Stat. § 75-16, and reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1;

2.  On the Second Claim for Relief, judgment in favor of Plaintiff and against Defendants in the amount of $40,000.00, and reasonable attorney fees, interest, and costs;

3.  Reasonable attorneys' fees as allowed by law;

4.  The costs of this action;

5.  All damages jointly and severally apportioned;

6.  Trial by jury on all issues so triable herein; and

7.  All such further relief as the Court may deem just and proper.

This the 19th day of August, 2022.

                        **MARTIN & JONES, PLLC**

                        BY: /s/ H. Forest Horne
                             H. Forest Horne, NCSB No. 16678
                             Steven D. Corriveau, NCSB No. 45952
                             4140 Parklake Avenue, Suite 400
                             Raleigh, North Carolina 27612
                             Telephone: 919/821-0005
                             Facsimile: 919/863-6077
                             Email: hfh@m-j.com
                             Email: sdc@m-j.com

                             *Attorneys for Plaintiff*